```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
```

In re:                                                              Case No. 17-00254-JJT
Kathy Koch                                                          Chapter 13
Steven Koch
        Debtors                    **CERTIFICATE OF NOTICE**

District/off: 0314-4           User: JGoodling            Page 1 of 1            Date Rcvd: Jun 20, 2017
                               Form ID: pdf010            Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 22, 2017.
jdb/db         +Kathy Koch,    Steven Koch,   124 Mountain View Drive,    Jersey Shore, PA 17740-8524
               +Commonwealth of Pennsylvania,    Bureau of Comm Payroll Operations,    P O Box 8006,
                 Attn: Payroll Administrator,   Harrisburg, PA 17105-8006

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                    TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 22, 2017                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 20, 2017 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James  Warmbrodt     on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
              Paul W McElrath, Jr.    on behalf of Joint Debtor Kathy  Koch ecf@mcelrathlaw.com,
               donotemail.ecfbackuponly@gmail.com
              Paul W McElrath, Jr.    on behalf of Debtor Steven  Koch ecf@mcelrathlaw.com,
               donotemail.ecfbackuponly@gmail.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5

In Re: : Case No. 4:17-bk-00254-JJT
**Steven Koch and** :
**Kathy Koch,** : Chapter 13
    **Debtors** :
  :
**Steven Koch,** :
    **Movant** :
  :
vs. :
  :
**Commonwealth Of PA** : Related to Docket No. 38
**Bureau of Comm Payroll Operations** :
**PO Box 8006** :
**Harrisburg, PA 17105** :
**Attention: Payroll Administrator,** :
    **Respondent** :
  :
**and** :
  :
**Charles J. DeHart, III, Esquire,** :
**Chapter 13 Trustee,** :
  :
**Social Security No. xxx-xx-3014.** :

## ORDER TO PAY TRUSTEE PURSUANT TO WAGE ATTACHMENT

Upon representation of the above-named Debtor, having filed a Chapter 13 petition and having moved to attach wages to fund the Chapter 13 Plan

IT IS HEREBY ORDERED that until further order of this Court, the entity from which the Debtor receives income:

    COMMONWEALTH OF PENNSYLVANIA
    BUREAU OF COMM PAYROLL OPERATIONS
    PO BOX 8006
    HARRISBURG, PA 17105
    ATTENTION: PAYROLL ADMINISTRATOR

Shall deduct from said income the sum of Three Hundred Seventy Four Dollars ($374.00) bi-weekly (each pay period), beginning on the next pay day following receipt of this order and deduct a similar amount each pay period thereafter, including any period for which the debtor receives a periodic or lump sum payment as a result of

vacation, termination or other benefits arising out of present or past employment, or from any other benefits payable to the debtor, and shall remit the deducted sums ON AT LEAST A MONTHLY BASIS to:

        CHARLES J. DEHART, III, ESQUIRE
        STANDING CHAPTER 13 TRUSTEE
        P.O. BOX 7005
        LANCASTER, PA  17604

IT IS FURTHER ORDERED that the above-named entity shall notify the Debtor's attorney, Paul W. McElrath Jr., Esquire, Professional Office Building, 1640 Saw Mill Run Blvd, Pittsburgh, PA  15210, (412) 765-3606, if the debtor's income is terminated and the reason therefore.

IT IS FURTHER ORDERED that all remaining income of the debtor, except the amounts required to be withheld for taxes, social security, insurance, pension, or union dues be paid to the debtor in accordance with usual payment procedures.

IT IS FURTHER ORDERED THAT NO OTHER DEDUCTIONS FOR GARNISHMENT, WAGE ASSIGNMENT, CREDIT UNION OR OTHER PURPOSE NOT SPECIFICALLY AUTHORIZED BY THIS COURT BE MADE FROM THE INCOME OF DEBTOR WITH THE EXCEPTION OF ANY SUPPORT PAYMENTS.

IT IS FURTHER ORDERED that this order supersedes previous orders made to the above-named entity in this case.

IT IS FURTHER ORDERED that the above-named entity shall not charge any fee to the debtor for the administration of this attachment order, except as may be allowed upon application to and order of this Court.

IT IS FURTHER ORDERED that the debtor(s) shall remain responsible for timely making all monthly plan payments to the Chapter 13 Trustee, either in whole or in part, until such time as the automatic paycheck withdrawals by the employer or other automatic attachments such as automatic bank transfers or welfare checks begin.  The first Plan payment is due within thirty (30) days after the Chapter 13 Plan has been filed.  Any failure to timely remit full Plan payments to the Trustee may result in the dismissal of the case after notice and hearing.  Employers and others who fail to withhold funds and pay them over to the Trustee as ordered herein may be subject to sanctions including damages to debtor and this estate.

Dated: June 20, 2017

                **By the Court,**

                *[signature]*
                _____
                John J. Thomas, Bankruptcy Judge
                          (RPR)